## AMERICAN MINERAL PRODUCTION CO. v. HELSLEY.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1918.)

No. 3184.

SALES ⬥359(1)—ACTION FOR PURCHASE PRICE—SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a verdict finding that there was a sale and delivery to defendant of personal property and its acceptance.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action at law by F. M. Helsley against the American Mineral Production Company and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Post, Russell, Carey & Higgins, of Spokane, Wash., for plaintiff in error.

Zent & Powell, of Spokane, Wash., and L. C. Jesseph, of Colville, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. This action was brought by Helsley against Cole and the corporation, American Mineral Production Company, for the purchase price of six motor trucks. The two defendants jointly denied all material allegations of the complaint and pleaded the statute of frauds. Upon the trial, the court granted the motion of defendant Cole for judgment, upon the ground of lack of evidence to show joint purchase by Cole and the corporation, but denied the motion for judgment in favor of the corporation, holding that there was evidence of an agreement of sale with the corporation and a delivery under the agreement. The jury were instructed upon this theory, and there was verdict, and thereafter judgment, in favor of Helsley.

The assignments of error present the question of the sufficiency of the evidence to show a contract between Helsley and the corporation. There was evidence to the effect that Cole was president of the corporation defendant; that in July, 1917, after negotiations, he purchased the interest of Helsley in the trucks, and agreed to pay $5,500 therefor; that there was delivery to the agent of the corporation, and that the corporation used the trucks and put them under the immediate supervision of one of its employés; that at the time of the negotiations referred to the corporation was party to a contract with Helsley to deliver to him at least 600 tons of ore a week for transportation, at $2 per ton; and that upon consummation of the sale Helsley was relieved of the obligations of the contract.

The court in its instructions to the jury explained that under the law of the state of Washington a sale of personal property to the value of more than $50 is void, unless there is a written memorandum of the sale signed by the party to be charged, or unless some part of the purchase price has been paid, or unless there has been a delivery of the property or some part of it, and charged that the plaintiff was obliged to prove that a sale was made as alleged, and that the trucks were delivered to and accepted by the corporation. Inasmuch as the charge was directly upon the issues presented, and plaintiff in error took no exceptions to the law as stated, its rights have not been injured.

We cannot sustain the contention that Cole was not acting for the corporation. The court was correct, we think, in dismissing the case as to Cole as an individual; but the question whether Cole was acting for the corporation when the negotiations were had was properly submitted to the jury.

We find no error, and affirm the judgment.